IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIE E. COWAN                                                                                          PLAINTIFF

v.                                                                                                    No. 2:06CV74-P-A

ANNIE JAMISON and
WATKINS, LUDLAM,
WINTER & STENNIS, P.A., ET AL.                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the motion of the defendants' December 6, 2006, motion to dismiss. The *pro se* plaintiff has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed for want of subject matter jurisdiction.

**Discussion**

The law firm Watkins, Ludlam, Winter & Stennis, P.A. ("Watkins Ludlam") represented defendant Annie Jamison in suit to partition real property in the Chancery Court of DeSoto County, Cause Number 01-5-656-B. The result of the partition was that the plaintiff received 3 acres of the property, while Ms. Jamison received 42.16 acres, by order of the Chancery Court of DeSoto County dated June 22, 2004. The plaintiff did not seek an appeal or pursue post-judgment relief. Instead, on January 16, 2006, the plaintiff filed a *pro se* pleading entitled "Civil Suit and Punitive Damage" in the Chancery Court of DeSoto County, Cause Number 05-11-1798. The pleading, though hardly a model of clarity, conveyed enough information to discern that the plaintiff was attempting to challenge the 2004 partition of the DeSoto County Property – to the extent that land he believed to be his was being used by others. The Chancery Court

dismissed the pleading with prejudice as indecipherable, unintelligible, and for failure to state a claim upon which relief could be granted in an order entered October 18, 2006. While the "Civil Suit and Damage" pleading was pending, however, the plaintiff filed the instant suit in federal court on May 2, 2006. This suit, which contains a jumbled mishmash of papers, challenges, once again, the 2004 partition of the DeSoto County property. The defendants have moved to dismiss the case for failure to state a claim upon which relief could be granted – as well as on the dual bases of *res judicata* and collateral estoppel.

After due consideration, the court shall instead dismiss this action for want of subject matter jurisdiction. Federal courts have a continuing obligation to examine the basis for their jurisdiction; the issue may be raised at any time by parties, or, as in the present case, *sua sponte* by the court. Fed. R. Civ. P. 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.,* 562 F.2d 938, 940 n. 2 (5th Cir.1977); *Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir.1980). The underlying dispute in this case is over the partition of privately held real estate. The plaintiff cannot establish diversity jurisdiction because the plaintiff and at least one defendant, Watkins Ludlam, each reside within the state of Mississippi. Likewise, the plaintiff has not set forth any facts or legal basis to establish federal question jurisdiction. As such, the court must dismiss this case for want of subject matter jurisdiction. *Id.* A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of January, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE